J udge Haggin
delivered the opinion of a special court, constituted, by consent of parties, of himself and J udge Da vidqe.
Kouns prosecuted an action by attachment against Brown, founded upon a note executed to him by Dougherty and Brown jointly. The court dismissed the attachment, and from that judgment Kouns has appealed.
The only question which we deem it necessary to notice, is, whether an attachment will lie against a joint obligor; the other remaining subject to the ordi*-nary process of the law.
The act of assembly upon which this proceeding is predicated, has been long and uniformly construed with strictness by our courts, and the adjudications of CHUr^s °f Virginia, upon asimilar statute, have been in conformity.
The word debtor, in its common acceptation, would pro)jahjw embrace one who was jointly bound with another; and it might not apply to several joint obligors, for it is singular. But we apprehend that it is tobe differently understood, as used in the statute; for we should not readily suppose that the legislature intend-ec* to aulh°rise the anomaly, a separate action against a joint debtor, the other remaining subject tothepro-cess of the courts; and the suit is certainly to assume j^e shape 0f a regular action, upon the appearance of the defendant. There may be no necessity for this; the others may be entirely able to satisfy the demand, and we cannot doubt, although the expression is in the singular number, that an attachment will lie against several absconding joint debtors. The word debtor, must, therefore, be expounded in reference to the sub» *147 jecí — to apply to one or more, as the demand may be sole, joint or several. Thus the word defendant, in legal parlance, is every day applied to one or more, as the action may require.
Bibb, for appellant; Triplett, for appellee.
Judgment affirmed with costs.